1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   KASSANDRA P.,

11                       Plaintiff,

12        v.

13   ACTING COMMISSIONER OF
     SOCIAL SECURITY,

14                       Defendant.

15

CASE NO. 3:20-cv-5953-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16

17        Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's

18   denial of plaintiff's application for supplemental security income ("SSI") and disability

19   insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73,

20   and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned

21   Magistrate Judge. *See* Dkt. 2. This matter is fully briefed. *See* Dkts. 27, 28 and 31.

22        In some instances, the fact that a claimant for disability has some areas of only fair to

23   good abilities, while having good abilities elsewhere, and has some moderate limitations, will not

24   deprive an ALJ's step 5 finding that the claimant can perform a particular job of substantial

1   evidence. This is not such an instance. Instead, here, the ALJ found plaintiff had moderate

2   limitation "concentrating, persisting or maintaining pace" and the ALJ found persuasive the

3   opinion from an examining doctor who opined that plaintiff's "ability to perform work duties at a

4   sufficient pace is fair to good, [and] [plaintiff's] ability to maintain regular attendance in the

5   workplace and complete a normal workday without interruptions is fair." AR 25, 30. Although in

6   some instances, these findings of moderate limitation and fair abilities would not deprive the

7   ALJ's step 5 finding of substantial evidence, here, the ALJ found plaintiff capable of performing

8   the job of Marker, which evidence in the record suggests requires the ability to perform at a fast

9   pace. On this such record, the failure to include limitations in the RFC and the hypothetical

10  presented to the vocational expert regarding the moderate limitation in pace, for example,

11  deprives the ALJ's Step 5 finding of substantial evidence. Therefore, this matter must be

12  reversed and remanded for further Administrative proceedings.

13                          FACTUAL AND PROCEDURAL HISTORY

14          On June 27, 2017, plaintiff filed applications for DIB and SSI, alleging disability as of

15  May 15, 2016. *See* Dkt. 21, Administrative Record ("AR"), p. 19. The application was denied on

16  initial administrative review and on reconsideration. *See* AR 19. A hearing was held before

17  Administrative Law Judge Lawrence Lee ("the ALJ") on April 30, 2019, AR 102-47. In a

18  decision dated September 18, 2019, the ALJ determined plaintiff to be not disabled. *See* AR 16-

19  39. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council,

20  making the ALJ's decision the final decision of the Commissioner of Social Security

21  ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

22          In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by: (1) failing to provide a

23  rationale supporting the finding that plaintiff can perform skilled work when she has no past

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1  relevant work ("PRW") and no transferrable skills or that off task behavior can be done during

2  breaks; (2) failing to include limitations in the residual functional capacity ("RFC") expressed in

3  the opinions the ALJ considered persuasive; (3) discrediting evidence contained in the lay

4  witness statements; and (4) determining plaintiff had moderate limitations in concentration,

5  persistence, and maintaining pace, yet failing to reflect this finding in the RFC. "Open," Dkt. 27,

6  p. 1. Defendant contends that substantial evidence supports the ALJ's findings and this Court

7  should affirm. Defendant's Response Brief, ("Response,") Dkt. 28, p. 3.

8                                    STANDARD OF REVIEW

9          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

10  social security benefits if the ALJ's findings are based on legal error or not supported by

11  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

12  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence"

13  is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a

14  reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v.*

15  *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-

16  26 (9th Cir. 1989)).

17                                        DISCUSSION

18  I.       **Whether the ALJ erred by failing to provide a rationale supporting the**
19           **finding that plaintiff can perform work requiring skills when she has no**
             **PRW and no transferrable skills**
20
           Plaintiff maintains the ALJ erred at Step 5 by failing to provide a rationale supporting the
21
   finding that plaintiff can perform semi-skilled work. Open, 5-6. Defendant contends substantial
22
   evidence supports the ALJ's Step 5 findings. Response, 3-5.
23

24

1    If an ALJ reaches the final step in the sequential analysis, the burden shifts to the

2  Commissioner on the fifth and final step of the sequential disability evaluation process. *See*

3  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Bowen v. Yuckert*, 482 U.S. 137,

4  140, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *Johnson v. Shalala*, 60 F.3d 1428, 1432

5  (9th Cir. 1995). The ALJ's Step 5 finding, like all findings under review by this Court, must be

6  supported by substantial evidence in the overall record to be affirmed. *See Bayliss*, *supra*, 427

7  F.3d at 1214 n.1 (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial

8  evidence means more than a mere scintilla but less than a preponderance; it is such relevant

9  evidence as a reasonable mind might accept as adequate to support a conclusion. *Andrews v.*

10  *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th

11  Cir. 1989)).

12    Regarding inconsistencies at Step 5, the Social Security has a Ruling regarding such

13  matters:

14    [B]efore relying on VE or VS evidence to support a disability determination
      or decision, our adjudicators must:
15      - Identify and obtain a reasonable explanation for any conflicts between
        occupational evidence provided by VEs or VSs and information in the
16      Dictionary of Occupational Titles (DOT)… and [e]xplain in the
        determination or decision how any conflict that has been identified was
17      resolved.

18  Social Security Ruling ("SSR") 00-4p, 2000 SSR LEXIS 8 at *1 (2000).

19    Although "Social Security Rulings do not have the force of law, [n]evertheless, they

20  constitute Social Security Administration interpretations of the statute it administers and of its

21  own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing

22  *Paxton v. Sec. HHS*, 856 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote

23  omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1   plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (citing

2   *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45, 104 S. Ct. 2778, 81 L. Ed. 2d 694

3   (1984); *Paxton, supra*, 856 F.2d at 1356).

4       Here, requiring ALJs to resolve on the record inconsistencies in the final determinative

5   step at which the Administration carries the burden as it relates to relevant Vocational Expert

6   ("VE") testimony on which the ultimate determination largely relies, is not plainly erroneous or

7   inconsistent with the Act or regulations. *See id.* At Step 5, as noted by the Ninth Circuit, there

8   exist "two ways for the Commissioner to meet the burden of showing that there is other work in

9   'significant numbers' in the national economy that claimant can perform: (a) by the testimony of

10   a vocational expert, or (b) by reference to the Medical-Vocational Guidelines ['the Guidelines']."

11   *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (citations omitted). The Guidelines did not

12   cover the situation herein, as determined by the ALJ, *see* AR 32, rendering the ALJ's reliance on

13   the VE at Step 5 determinative. *See Tackett*, *supra,* 180 F.3d at 1101; *see also* AR 32 ("if

14   [plaintiff] had the RFC to perform the full range of light work, a finding of 'not disabled' would

15   be directed by the Medical-Vocational Rule 202.20. However, [plaintiff's] ability to perform all

16   or substantially all of the requirements of this level of work has been impeded by additional

17   limitations. To determine the extent to which these limitations erode the unskilled light

18   occupational base, the ALJ asked the vocational expert whether jobs exist in the national

19   economy for an individual with [plaintiff's] age, education, work experience, and RFC").

20       Therefore, based on this record and for the reasons just elucidated, the Court concludes

21   that any inconsistencies regarding relevant VE testimony at Step 5 as it pertains to plaintiff's

22   ability to perform relevant jobs must be resolved by the ALJ, and any such resolution on the

23

24

1  record must be supported by substantial evidence in the record as a whole. *See Bayliss*, *supra*,

2  427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601). Such did not occur here. *See id*.

3    In this matter, at the final step, Step 5, of the sequential Social Security Disability

4  evaluation process, the ALJ found that plaintiff could perform the occupations of Marker; Clerk,

5  General Office; and, Clerk, General. *See* AR 33. Regarding the final two of these, the Clerk

6  positions, plaintiff contends that the ALJ's finding at Step 4 that plaintiff has no PRW is

7  inconsistent with the finding at Step 5 that plaintiff has the ability to perform semi-skilled work

8  in the jobs of Clerk. *See* Open, 5-6.

9    Because the ALJ made the relevant finding that plaintiff could perform the Clerk

10  occupations at Step 5, the ALJ has the burden to demonstrate the existence of significant

11  numbers of jobs that plaintiff can perform to support the finding of not disabled. *See Meanel*,

12  *supra*, 172 F.3d at 1113; *see also Bowen*, *supra*, 482 U.S. at 140, 146 n.5, 107 S. Ct. 2287, 96 L.

13  Ed. 2d 119; *Johnson*, *supra,* 60 F.3d at 1432. To meet this burden, the ALJ relied on the VE's

14  testimony at plaintiff's Administrative hearing. *See* AR 32. When eliciting the relevant testimony

15  from the VE, the ALJ presented a hypothetical RFC based on a hypothetical individual with

16  plaintiff's age, education, work experience, and RFC, as the ALJ found plaintiff's RFC to be in

17  the ALJ's written decision. *See id.; See also* AR 26 (RFC), 32-33 (Steps 4 and 5), *compare with*

18  AR 133-34 (hypothetical based on RFC and Step 5 jobs).

19    First, the Court notes that the ALJ found plaintiff had the RFC to "perform up to semi-

20  skilled work  …." AR 26. At plaintiff's Administrative hearing, the ALJ presented to the VE a

21  hypothetical including the specific wording regarding the ability to perform "up to semi-skilled

22  work." AR 133. In response, the VE testified that such an "individual could do work [;] a sample

23  would be Marker, [which is] a light job, SVP of 2; 268,000 in the national economy." *Id*. Then,

24

1  the VE testified, in addition, "let me find semi-skilled if I can here. Yeah, how about clerk,

2  general office  … also, another office job, clerk, general…." *Id*. Because the ALJ found, and

3  presented to the VE, plaintiff's RFC and a hypothetical "up to semi-skilled work," not *including*

4  semi-skilled work, it appears from the record that the VE only identified one job specifically,

5  Marker, that one with plaintiff's RFC could perform. *See* AR 133-34; *see also* AR 26. The VE

6  then went on to "find semi-skilled," which logically applies to a person who could perform not

7  only *up to* semi-skilled work, but also *including* semi-skilled work. *See* AR 134. Following this

8  reasoning, there is an inconsistency between the VE's testimony on its face, which indicates only

9  one job, Marker, that can be performed with someone who could perform up to semi-skilled

10  work, and the ALJ's finding in the written decision that one with plaintiff's RFC, that is, one

11  who could "perform up to semi-skilled work  …." can nevertheless perform, in addition to the

12  Marker position, identified by the VE, the two Clerk positions, identified by the VE as "semi-

13  skilled." *See* AR 26, 32, 133-34. This discrepancy between the VE's testimony and the jobs

14  identified by the ALJ in the written decision that can be performed by one with plaintiff's RFC is

15  not resolved on the record, nor in the written decision: this is legal error. The ALJ's finding that

16  plaintiff, who could perform only "up to semi-skilled work" according to her RFC, nevertheless

17  could perform the two semi-skilled clerk positions is not based on substantial evidence in the

18  record. *See Bayliss*, *supra*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601).

19        For purposes of argument, even if the Court were to presume that plaintiff's RFC of up to

20  semi-skilled work actually meant up to and including semi-skilled work, the ALJ's finding at

21  Step 5 that plaintiff could perform the two Clerk positions nevertheless still is error. *See* AR 32.

22  As argued by plaintiff, and as presented by the new evidence in the sworn declaration of Dr.

23  Joseph Moisan, a purported "highly experienced VE and a VE who, for many years, worked as a

24

vocational consultant to the Social Security Administration," it does not appear that "a person

with no past relevant work [] who has no transferable skills can [] do semi-skilled work." Open,

5-6 (citing AR 8); *see also Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012)

("when a claimant submits evidence for the first time to the Appeals Council, which considers

that evidence in denying review of the ALJ's decision, the new evidence is part of the

administrative record, which the district court must consider in determining whether the

Commissioner's decision is supported by substantial evidence"). Furthermore, plaintiff

persuasively argues according to Social Security Ruling ("SSR") 82-41, there are two ways a

person can acquire skills: it can be from PRW in a skilled or semi-skilled jobs or it can be

through education or training. Reply, 2 (citing SSR 82-41, 1982 SSR LEXIS 34 (1982)). As

indicated in the relevant Social Security Ruling, "Skills are not gained by doing unskilled jobs

…." SSR 82-41, 1982 SSR LEXIS 34 at *4. As argued by plaintiff, the ALJ determined plaintiff

had no prior work from which to acquire skills, and "there is no specialized education or training

noted in the record that would allow [plaintiff] direct entry into skilled or semi-skilled work as

the extent of her education is a generic high school education." Reply, 2 (citing AR 32, finding

number 8). Defendant's citations are not on point, as argued by plaintiff, noting in the cited cases

claimants had past work from which to acquire skills, and the Social Security Ruling relevant

here was not discussed in either case. *See* Reply 2-3 (citing SSR 82-41, 1982 SSR LEXIS 34

(1982)); *see also Waterson v. Astrue*, Case No. 10-060-JE, WL 7139424 at *8 (D. Oregon

November 16, 2011) (noting the claimant's PRW) (unpublished opinion); *Brown v. Astrue*, 2012

WL 392-2696 at *13, Case No. 11-cv-953–AC (D. Oregon August 20, 2012) (discussing

whether transferable skills need to be delineated, not discussing whether one with no PRW has

transferable skills) (unpublished opinion).

1    The ALJ found that plaintiff can perform up to semi-skilled work, has no PRW, and has

2    no transferable skills: his finding that plaintiff nevertheless could perform semi-skilled work is

3    not based on substantial evidence. *See* AR 26, 32, 133-34. Defendant argues any error is

4    harmless, as the ALJ also found that plaintiff could perform the job of Marker. If the ALJ's

5    finding at Step 5 that plaintiff could perform the job of Marker was based on substantial evidence

6    and otherwise could be affirmed by the Court, defendant's argument would be persuasive, as

7    discussed further below, *see infra*, Section II, it is not.

8        **II.    Whether the ALJ erred when failing to include limitations in the residual
             functional capacity ("RFC") expressed in the opinions the ALJ considered

9             persuasive when evaluating the medical evidence.**

10    Plaintiff contends that the ALJ erred when failing to include limitations in the residual

11    functional capacity ("RFC") expressed in the opinions the ALJ considered persuasive,

12    specifically the opinion of Dr. April R. DeLira, M.D. Open, Dkt. 27, pp. 1, 6-7.  Defendant

13    contends Dr. DeLira's opinion, "which the ALJ found persuasive (internal citation to AR 30),

14    did not establish that plaintiff had greater limitations than those reflected in the ALJ's decision."

15    Response, Dkt. 28, p. 7.

16    In 2017, the Commissioner issued new regulations governing how ALJs are to evaluate

17    medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82

18    Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed

19    on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary

20    weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources."

21    20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how

22    he or she considered the factors of supportability and consistency in evaluating the medical

23    opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). That explanation must be legitimate,

24

as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

As plaintiff filed the claim on June 27, 2017, the ALJ applied the new regulations. *See* AR 21. Therefore, based on the above considerations, the Court will determine whether the ALJ's decision is free of legal error and supported by substantial evidence. "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

Dr. April R. DeLira, M.D., examined plaintiff on January 21, 2018, at the request of DDS. *See* AR 568-573. Dr. DeLira noted plaintiff's allegations and also reviewed plaintiff's records from Greater Lakes. *See* AR 568. Dr. DeLira took a detailed history from plaintiff regarding her impairments and limitations and conducted a mental status examination ("MSE"). *See* AR 568-72. Dr. DeLira diagnosed plaintiff with major depressive disorder, generalized anxiety disorder with panic attack, social anxiety disorder, and posttraumatic stress disorder. AR 572.

Dr. DeLira provided a medical source statement in which she included specific opinions regarding functional limitations, such as plaintiff's ability "to perform simple and repetitive tasks

1  is good, ability to perform detailed and complex tasks is good, and ability to perform work

2  activities on a consistent basis without special or additional instructions is good, based on

3  [plaintiff's] performance on the cognitive exam." *Id*. Dr. DeLira opined that plaintiff's "ability to

4  perform work duties at a sufficient pace is fair to good based on [plaintiff's] ability to perform

5  activities of daily living." *Id*. Dr. DeLira also indicated her opinion that plaintiff's "ability to

6  maintain regular attendance and the workplace and complete a normal workday without

7  interruptions is fair based on [plaintiff's] ability to perform activities of daily living." *Id*. Finally,

8  Dr. DeLira opined that plaintiff's [ability to interact with coworkers and superiors and the public

9  and adapt to the usual stresses encountered in the workplace is fair based on [plaintiff's]

10  interpersonal presentation." *Id*.

11         Plaintiff contends Dr. DeLira's opinions, such as her opinion plaintiff's ability to perform

12  work duties at a sufficient pace is fair to good, AR 572, were improperly rejected by the ALJ and

13  not included in the RFC; however, defendant contends Dr. DeLira's opinion, "which the ALJ

14  found persuasive (internal citation to AR 30), did not establish that plaintiff had greater

15  limitations than those reflected in the ALJ's decision." Response, Dkt. 28, p. 7. Defendant argues

16  that plaintiff's "argument rests on a strained and logical leap to conclude that an opinion that a

17  person has a fair ability to perform activities means that she cannot perform those activities or

18  needed some sort of accommodation." Response, 8. However, the findings in the ALJ's written

19  decision must be evaluated in context. The context presented to this Court is the ALJ's Step 5

20  finding that plaintiff could perform the job of Marker. *See* AR 30.

21         Similarly, plaintiff also contends the ALJ erred when determining plaintiff had moderate

22  limitations in concentration, persistence, and maintaining pace, yet failing to reflect this finding

23  in the RFC. Open, 7-8. Defendant (correctly) argues that "the ALJ correctly stated 'the

24

1   limitations identified in the 'paragraph B' criteria are not a residual functional capacity

2   assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the

3   sequential evaluation process.'" Response, 6 (quoting AR 25 (other citations omitted)). Again,

4   however, the findings in the ALJ's written decision must be evaluated in context.

5           Plaintiff argues that the new evidence provided by Dr. Moisan demonstrates that the job

6   identified at Step 5 as one plaintiff could perform, the job of Marker, "was last updated in the

7   DOT in 1977 and is not done in the fashion described in the DOT, [] [] because this is a fast

8   paced labor intensive job that has become more automated in the intervening 42 years." Reply,

9   Dkt. 31, p. 9; *see also* AR 8-9; *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir.

10  2012) ("when a claimant submits evidence for the first time to the Appeals Council, which

11  considers that evidence in denying review of the ALJ's decision, the new evidence is part of the

12  administrative record, which the district court must consider in determining whether the

13  Commissioner's decision is supported by substantial evidence"). Indeed, according to Dr.

14  Moisan, the "job of Marker  …. is a fast paced labor intensive job  …." AR 8-9.

15          Plaintiff argues the ALJ found plaintiff moderately impaired in concentration,

16  persistence, and pace as one of the "B" criteria, yet "there is nothing in the RFC reflect any

17  limitation in this area." Reply, 9. Plaintiff argues that on this record, the failure to include

18  plaintiff's moderate limitation in concentration, persistence, and pace is harmful error because if

19  plaintiff's "pace is moderately impaired, a fast-paced job is not a good choice for [her]." *Id*.

20  (citing AR 25). Relatedly, plaintiff contends Dr. DeLira's opinions, such as her opinion

21  plaintiff's ability to perform work duties at a sufficient pace is fair to good, AR 572, were

22  improperly rejected by the ALJ and not included in the RFC.

23

24

1    The Court concludes that the question presented herein is very fact specific. The

2    existence of situations where moderate limitations and fair abilities are not included in an RFC

3    and end up being irrelevant to the jobs identified at Steps 4 and/or 5 could exist. Such is not the

4    case presented to the Court herein, however.

5    According to Dr. Moisan, the "job of Marker …. is a fast paced labor intensive job …."

6    AR 8-9. At plaintiff's Administrative hearing, the VE relied upon by the ALJ in the written

7    decision gave no opinion regarding the pace of the job of Marker. *See* AR 133-34. As the ALJ

8    had not indicated any issues with pace in the hypothetical presented to the VE, it is clear why the

9    VE had no reason to address the issue of pace at the hearing. *See id*. Had the ALJ presented a

10   hypothetical with moderate limitations with respect to pace to the VE, perhaps the ALJ would

11   have elicited substantial evidence from the VE to support any implied finding that the pace of the

12   Marker job was one sustainable by plaintiff given her moderate limitations and fair to good

13   abilities in this area. Without this testimony, there is an inconsistency in the record that is not

14   resolved on the record, hence, an error.

15   In the context of this case, where the ALJ found plaintiff moderately impaired in

16   concentration, persistence, and pace (even as one of the "B" criteria), *see* AR 25, and where the

17   ALJ found persuasive the opinion of examining doctor who opined plaintiff's ability to perform

18   work duties at a sufficient pace is fair to good, AR 572, the Court concludes that the ALJ's

19   finding that plaintiff could perform the job of Marker, potentially a fast-paced job, is not based

20   on substantial evidence in the record as a whole, as it is not based on such "'relevant evidence as

21   a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes*, *supra,* 881

22   F.2d at 750 (quoting *Davis*, *supra,* 868 F.2d at 325-26).

23

24

III.    **Harmless error**

The Ninth Circuit has "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is "'inconsequential to the ultimate non[-]disability determination.'" *See Molina*, *supra*, 674 F.3d at 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

In this matter, the Court cannot determine whether the ALJ properly interpreted the VE's testimony, which on its face indicates that plaintiff's RFC does not allow for the semi-skilled positions of two types of Clerk found by the ALJ to be appropriate for plaintiff, *see supra*, Section I. Instead, the VE's testimony appears to indicate that plaintiff's RFC limits her to the (only specified) job of Marker. *See* AR 133-34. However, as discussed already by the Court, plaintiff's new evidence suggests the job of Marker requires the ability to perform work at a fast pace, and the VE was unaware that plaintiff had moderate limitations and only fair to good ability in this and related areas, *see supra*, Section II. *See also* AR 8-9. Therefore, the ALJ's finding that plaintiff could perform the job of Marker is not based on substantial evidence, and the ALJ's Step 5 finding in its entirety is not based on substantial evidence. As there are no jobs properly identified by the ALJ at Step 5 that plaintiff could have performed, the ALJ's finding that she was not disabled is not based on substantial evidence. These errors directly impact the ultimate determination and are not harmless. *See Molina*, *supra*, 674 F.3d at 1117 (quoting *Carmickle*, *supra,* 533 F.3d at 1162).

1

2                                          CONCLUSION

3          Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

4  plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is reversed and this

5  matter is remanded for further Administrative proceedings, as requested by plaintiff, *see* Open, 9,

6  in accordance with the findings contained herein.

7

8          Dated this 1st day of September, 2021.

9

10                                              David W. Christel
11                                              United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 15